

# COURT OF APPEALS
### SECOND DISTRICT OF TEXAS
### FORT WORTH

### NO. 02-11-00115-CR

JENNY MEKELL HAZARD A/K/A                                APPELLANT
JENNY MEKELL BELL

V.

THE STATE OF TEXAS                                         STATE

----------

### FROM THE 355TH DISTRICT COURT OF HOOD COUNTY

----------

## MEMORANDUM OPINION[1]

----------

### I. INTRODUCTION

A jury found Appellant Jenny Mekell Hazard a/k/a Jenny Mekell Bell guilty of possession of four grams or more but less than 200 hundred grams of methamphetamine and assessed her punishment at fifteen years' imprisonment.

---

[1]*See* Tex. R. App. P. 47.4.

Hazard appeals, arguing that the evidence is insufficient to support her conviction. We will affirm.

## II. FACTUAL AND PROCEDURAL BACKGROUND

The Hood County Sheriff's Office received information of drug activity at 4311 Terri Lee Lane in Hood County, Texas. Hazard and her husband Eddie owned the home; Hazard's sister Lana Mann also lived there. Investigator Roland Smith used a confidential informant to make a controlled purchase of methamphetamine at the residence. The informant purchased approximately two grams of methamphetamine with $200 in documented bills. Officers obtained a search warrant for the house.

When officers executed the warrant, they found Hazard, Eddie, Mann, Mann's boyfriend, and two other individuals in the house. A search of the house revealed 27.63 grams of methamphetamine and various drug paraphernalia. Investigator Smith saw Eddie throw a bag containing pills, a lighter, and a spoon with residue on it out of the window in the bedroom where officers found Eddie and Hazard. In that bedroom, officers found a small baggie of methamphetamine on top of a microwave, a pill bottle with Hazard's name on it, and a bag of syringes. In Mann's bedroom, officers found a large quantity of methamphetamine in a black zippered bag inside a small refrigerator, some used syringes, a rubber hose, and items used to make and cut methamphetamine. In other areas of the home, officers found small baggies with methamphetamine residue, syringes, glass pipes, spoons containing residue, and digital scales.

2

Officers located one of the documented $100 bills on Hazard. Officers could smell the odor of methamphetamine in the house.

Investigator James Luckie interviewed Hazard after she was arrested. Hazard admitted to him that she was under the influence of methamphetamine when the officers entered her house to execute the search warrant, that she knew methamphetamine was being sold in her house, and that she had seen people buying and selling methamphetamine in the house. Hazard told Investigator Luckie that the house belonged to her.

Hazard and Eddie were both charged with possession of the entire amount of methamphetamine found in the house; Mann and her boyfriend were charged with delivery of methamphetamine.

### III. STANDARD OF REVIEW

In our due-process review of the sufficiency of the evidence to support a conviction, we view all of the evidence in the light most favorable to the verdict to determine whether any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. *Jackson v. Virginia*, 443 U.S. 307, 319, 99 S. Ct. 2781, 2789 (1979); *Isassi v. State*, 330 S.W.3d 633, 638 (Tex. Crim. App. 2010).

This standard gives full play to the responsibility of the trier of fact to resolve conflicts in the testimony, to weigh the evidence, and to draw reasonable inferences from basic facts to ultimate facts. *Jackson*, 443 U.S. at 319, 99 S. Ct. at 2789; *Isassi*, 330 S.W.3d at 638. The trier of fact is the sole judge of the

3

weight and credibility of the evidence. *See* Tex. Code Crim. Proc. Ann. art. 38.04 (West 1979); *Brown v. State*, 270 S.W.3d 564, 568 (Tex. Crim. App. 2008), *cert. denied*, 129 S. Ct. 2075 (2009). Thus, when performing an evidentiary sufficiency review, we may not re-evaluate the weight and credibility of the evidence and substitute our judgment for that of the factfinder. *Williams v. State*, 235 S.W.3d 742, 750 (Tex. Crim. App. 2007). Instead, we "determine whether the necessary inferences are reasonable based upon the combined and cumulative force of all the evidence when viewed in the light most favorable to the verdict." *Hooper v. State*, 214 S.W.3d 9, 16–17 (Tex. Crim. App. 2007). We must presume that the factfinder resolved any conflicting inferences in favor of the verdict and defer to that resolution. *Jackson*, 443 U.S. at 326, 99 S. Ct. at 2793; *Isassi*, 330 S.W.3d at 638. The standard of review is the same for direct and circumstantial evidence cases; circumstantial evidence is as probative as direct evidence in establishing the guilt of an actor. *Isassi*, 330 S.W.3d at 638; *Hooper*, 214 S.W.3d at 13.

### IV. SUFFICIENCY OF THE EVIDENCE

Hazard argues in her sole issue that, although sufficient evidence linked her to a small portion of the methamphetamine found in her house, legally insufficient evidence exists that she exercised actual care, custody, control, and management over the larger quantity of methamphetamine found in a refrigerator in a bedroom used by her sister.

4

To support Hazard's conviction, the State had to show that she intentionally or knowingly "possessed" between four and 200 grams of methamphetamine. *See* Tex. Health & Safety Code Ann. § 481.115(a), (d) (West 2010). To prove possession, the State was required to show that Hazard (1) exercised actual care, custody, control, or management over the substance and (2) knew that the matter possessed was contraband. *See Poindexter v. State*, 153 S.W.3d 402, 405 (Tex. Crim. App. 2005); *see also* Tex. Health & Safety Code Ann. § 481.002(38) (West 2010).

When the accused does not have actual possession of the controlled substance or exclusive possession of the locale where the controlled substance was found, it cannot be concluded or presumed that the accused had possession over the contraband unless there are additional independent facts or circumstances that tend to connect or link the accused to the knowing possession of the contraband. *Poindexter*, 153 S.W.3d at 406. This is because, whether the evidence is direct or circumstantial, it must establish that the defendant's connection with the contraband was more than fortuitous. *Evans v. State*, 202 S.W.3d 158, 161 (Tex. Crim. App. 2006). The "affirmative links rule" is designed to protect the innocent bystander from conviction based solely upon her fortuitous proximity to someone else's drugs. *Poindexter*, 153 S.W.3d at 405–06.

Relevant non-exclusive links tending to connect the defendant to knowing possession include (1) whether the defendant was present when the search was

5

conducted; (2) whether the contraband was in plain view; (3) whether the narcotic was in close proximity to and accessible by the defendant; (4) whether the defendant was under the influence of narcotics when arrested; (5) whether the defendant possessed other contraband or narcotics when arrested; (6) whether the defendant attempted to flee; (7) whether the defendant made furtive gestures; (8) whether there was an odor of contraband; (9) whether other contraband or drug paraphernalia was present; (10) whether the accused owned or had the right to possess the place where the drugs were found; (11) whether the place where the drugs were found was enclosed; (12) whether the accused was found with a large amount of cash; and (13) whether the conduct of the accused indicated a consciousness of guilt. *Evans*, 202 S.W.3d at 162 n.12; *Isbell v. State*, 246 S.W.3d 235, 238 (Tex. App.—Eastland 2007, no pet.). It is not the number of links that is dispositive but the logical force of all of the evidence. *Evans*, 202 S.W.3d at 162.

Here, Hazard was present when the search warrant was executed, methamphetamine was found in plain view in her bedroom, she admitted to Investigator Luckie that she had used methamphetamine just before the officers arrived, Investigator Luckie saw fresh track marks on her arm, the odor of methamphetamine was present in Hazard's home, she possessed a $100 bill that a confidential informant had just used to purchase methamphetamine at her house, and Hazard admitted to Investigator Luckie that she knew drugs were in her house and were being sold from her house.

6

Hazard complains on appeal that evidence at trial showed that she "had mostly been staying in a motor home, away from the house," that she was renting her house to Mann, and that "it is also logical" to believe that Hazard was receiving rent from Mann as an explanation for why Hazard was in possession of the documented $100 bill. Hazard further points to statements made by Investigator Luckie during Hazard's interview that he believed the larger amount of methamphetamine belonged to the others in the house. However, viewing all of the evidence in the light most favorable to the prosecution, as we must, a rational jury could have found beyond a reasonable doubt that Hazard intentionally or knowingly possessed the 27.63 grams of methamphetamine found in her house. *See Jackson*, 443 U.S. at 319, 99 S. Ct. at 2789; *Clayton v. State*, 235 S.W.3d 772, 778 (Tex. Crim. App. 2007); *Evans*, 202 S.W.3d at 162 n.12. Accordingly, we hold that the evidence is sufficient to support Hazard's conviction, and we overrule her sole issue.

## V. CONCLUSION

Having overruled Hazard's sole issue, we affirm the trial court's judgment.


SUE WALKER
JUSTICE

PANEL: DAUPHINOT, GARDNER, and WALKER, JJ.

DO NOT PUBLISH
Tex. R. App. P. 47.2(b)

DELIVERED: January 5, 2012

7